In the matter of the application for the appointment of guardian of the person of ALEXANDER M. ROSS, an infant.

The rule which obtains in the orphans court, that guardianship of an infant's person will not be awarded to one person and the guardianship of his estate to another, should control the prerogative court in the exercise of its jurisdiction unless the application of the rule would lead to great hardship.

*Mr. Samuel P. Savage,* for the petitioner.

Ross' Case.

## The Ordinary.

The petition in this case is by the mother of the infant. It alleges that the father lately died without having disposed of the guardianship of his child and that the infant is now under fourteen years of age. It prays that the mother may be appointed guardian of the *person* of the infant. It does *not* ask that she be appointed guardian of his *estate*. It does not state a reason why she should not also be appointed guardian of his estate. The design evidently is to secure a separation of the guardianship so that the person will go to one care and the estate to another.

In the case of *Tenbrook* v. *McColm, 7 Halst. 97,* decided in the supreme court in 1830, it was held that the policy of the laws of this state forbade an orphans court awarding the guardianship of an infant's person to one and the guardianship of his estate to another. The chief-justice (Ewing), after stating the statutory policy, added:

"The idea of parceling out the guardianship and dividing its duties among several, I do not find recognized, directly or indirectly, in any act of the legislature.

"From a separation of these duties, while very little benefit can be anticipated, many inconveniences and considerable increase of expense must necessarily follow. The policy of our laws is wisely designed to prevent such consequences.

"From a careful review of the acts of the legislature on this subject, and from a reference to the uniform and settled practice of the state, which is entitled to some respect, I am satisfied the orphans courts are not authorized to divide the guardianship of a minor and commit his property to one and his person to another."

This decision was recognized as the law in 1835, by Chancellor Vroom, in *Matter of the Guardian of Abraham Van Houten, 2 Gr. Ch. 220.* I am not aware of any later decisions upon this subject. These cases have been acquiesced in as the law of this state to this time. My research has not disclosed any change in the statutory policy of the state.

Ross' Case.

While the decisions referred to do not define the powers of the prerogative court, they, and the statutory policy of the state exhibited in the Orphans Court act, must have an influence with the prerogative court in the exercise of its jurisdiction, and, I think, should control it, except possibly in a case in which the application of the rule would lead to great hardship. Such a case is not presented here. My understanding, from the statements of counsel, is, that it will be simply convenient to have the infant's entire estate managed by a trust company, which is illy fitted to also control his person, and hence that the guardianship should be divided.

The great evil of two guardianships lies in two sets of accountings and expenses for the accomplishment of that which should be one duty.

I think that the court should condemn such a separation unless the given case shall present strong exceptional features.

I will therefore deny the present application, without prejudice, however, to granting guardianship of both the person and estate of the child to the mother when it shall be asked for in any proper tribunal.